UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. JASKIEWICZ,

    Plaintiff/Counterclaim Defendant,

v.

RLM UNDERGROUND, LLC,

    Defendant/Counterclaim Plaintiff.

Case No. 24-2588-HLT-GEB

**ORDER**

    This matter comes before the Court on Plaintiff's Oral Motion to Quash or Modify Subpoena ("Motion") **(ECF No. 58)**. For the reasons set forth below, Plaintiff's Motion is **GRANTED in part and DENIED in part.**

    The Court held a discovery conference regarding another issue on June 17, 2025. At the end of the conference, Plaintiff raised a potential issue regarding Defendant's Notice of Intent to Issue Subpoena to Google, LLC which had been filed a week earlier on June 10, 2025. Plaintiff's counsel indicated the parties had not yet conferred and he simply wanted to make the Court aware an issue was on the horizon. After a short discussion where no rulings were made, the Court directed the parties to confer about the issue and indicated Plaintiff could raise the issue again after complying with local rule.

    Without requesting a pre-motion conference, Plaintiff filed a dual Motion for Protective Order and Motion to Quash (ECF No. 53) on June 24, 2025, one day ahead of

1

the deadline for Google, LLC to respond to the subpoena. Due to the failure to request a pre-motion conference, Plaintiff's Motion for Protective Order and Motion to Quash was denied without prejudice. A discovery conference was set for June 30, 2025. Defendant was directed to file a Return of Service for the subpoena at issue, given the opportunity to provide a position statement, and was ordered to direct Google LLC not to produce documents in response to the subpoena until the discovery conference was held. Defendant timely complied with the Court's direction.

The Court held a discovery conference. Plaintiff appeared through counsel, Chet Compton. Defendant appeared through counsel, Erin Fox. During the conference Plaintiff raised an oral motion to quash or modify subpoena regarding the portion of the subpoena related to his personal Gmail account and requested attorney's fees for time spent on the issue. Although the parties failed to confer as ordered, based upon the parties' written conferral and brief discussion with the Court at the June 17, 2025 discovery conference and recognizing the goals of Fed. R. Civ. P. 1 to secure the just, speedy, and inexpensive determination of every action, the Court moved to the merits.

After being apprised of the parties positions and having heard the argument of counsel, the Court found Plaintiff had standing to move to quash or modify the portion of the subpoena directed to his personal Gmail account. The subpoena sought all email, chat messages, calendar invitations, and shared documents for a period of over a year with no

limitation as to the subject-matter thereof. Additionally, counsel indicated the personal Gmail account was used by Plaintiff to communicate with him regarding this matter.[1]

Having found Plaintiff has standing to move to quash or modify the subpoena, the Court turned to Plaintiff's objections the information sought is not relevant to the claims and defenses in the case and is overly broad. While relevance and overbreadth are not a basis to quash as set forth in Fed. R. Civ. P. 45(d)(3)(A), nonetheless, courts in this District have considered these objections under the rule. "But while Rule 45 'does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b).'"[2] "[T]he court may quash a subpoena that seeks 'irrelevant, overly broad, or duplicative discovery' but 'should lean towards resolving doubt over relevance in favor of discovery.'"[3]

The Court will first examine Plaintiff's relevance objection. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."[4] "Relevance, at the discovery stage,

---

[1] *Consumer Financial Protection Bureau v. Integrity Advance, LLC*, No. 21-mc-206-DDC-TJJ, 2022 WL 2791173, at *2 (D. Kan. July 15, 2022) (Although a motion to quash or modify a subpoena may typically only be brought by the party to whom a subpoena is directed, there is an exception to this general rule when the party challenging the subpoena has a privilege or personal right with respect to the subject matter sought by the subpoena.)
[2] *Id.* at *7 (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).
[3] *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 19-4007-DDC, 2023 WL 1100399, at *1 (D. Kan. Jan. 30, 2023) (quoting *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL, 2017 WL 1650757, at *3 (D. Kan. May 2, 2017)).
[4] Fed. R. Civ. P. 26(b)(1).

is broadly construed."[5] Discovery should be allowed "unless *it is clear* that the information can have *no possible* bearing" on the claims or defense of a party.[6] Defendant argues, and the Court agrees, the email and other information sought from Plaintiff's personal Gmail account is relevant to their claims Plaintiff breached his employment agreement by wiping his company computer before returning it and competing against Defendant before the period agreed to in the employment agreement, as well as to their defense regarding mitigation of damages. The Court therefore overrules Plaintiff's relevance objection.

The Court turns to Plaintiff's overbreadth objection. Plaintiff alleges the temporal scope is too broad and the subpoena has no subject matter limitation. The Court agrees. The District of Kansas typically applies a two-pronged test in determining whether a subpoena is overly broad. "If the request '(1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information,' the request is facially overbroad."[7] Defendant's subpoena seeks from Plaintiff's personal Gmail account "*all* incoming and outgoing emails, draft emails, chat messages, draft calendar invitations, and shared documents via Google Drive for the period 1/1/24 to present." The subpoena is overbroad on its face.[8]

---

[5] *Mann v. XPO Logistics Freight, Inc.*, No. 16-2196-CM, 2017 WL 3054125, at *1 (D. Kan. July 19, 2017) (citing *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016)).

[6] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citing *Scott v. Leavenworth USD No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999).

[7] *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-MC-212-JWL-GEB, 2016 WL 3685224, at *3 (D. Kan. July 12, 2016) (quoting *Moses v. Halstead*, 236 F.R.D. 667, 673 (D. Kan. 2006)).

[8] Frick v. Henry Indus., Inc., No. 13-2490-JTM, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016) (Subpoena which sought "[a]ll material employment records" and "[a]ll material

4

The Court narrowed the temporal scope of the request regarding Plaintiff's personal Gmail account to begin on March 24, 2024, the day Plaintiff began to work for Defendant, through the present. Additionally, the Court directed counsel to confer to tailor the subpoena to seek only information related to Defendant's claims Plaintiff breached the employment agreement by wiping his company computer before returning it and competing against Defendant before the period agreed to in the employment agreement, as well as to their defense regarding mitigation of damages. The Court suggested Plaintiff's counsel speak to his client and the parties confer to identify companies, and their associated domain names, which Plaintiff either contacted regarding employment after his termination by Defendant and/or had any discussions with regarding any provision of business development or other services since his termination. The Court additionally directed the parties to specifically exclude all communications from the fleeson.com domain to avoid the production of any attorney-client privileged communications. Incorporating its discussion with the parties, the Court provided the following suggested language for a revised subpoena to Google, LLC.

> For email account tomjaski@gmail.com: all incoming and outgoing emails, draft emails, chat messages, draft calendar invitations, and shared documents via Google Drive for the period 3/18/24 to present between tomjaski@gmail.com and [identify company domains here]. Any emails, draft emails, chat messages, draft calendar invitations and shared documents via Google Drive to or from the @fleeson.com domain, including but not limited to tcompton@fleeson.com,

---

records…regarding the parties' service agreement was found to be facially overbroad seeking information – such as health, medical and certain financial information for which the parties have not indicated are relevant.)

cclark@fleeson.com, and twest@fleeson.com, shall not be produced.

Next, the Court addressed Plaintiff's request for his attorney's fees associated with his Motion. Where Plaintiff failed to confer with Defendant prior to filing his dual Motion for Protective Order and Motion to Quash (ECF No. 53), the Court finds the award of attorney's fees is not appropriate.

Lastly, to avoid any further extension of the discovery cutoff the Court set the following deadlines:

- **Immediately following the conference**, Defendant shall contact Google, LLC and direct Plaintiff's personal Gmail account, tomjaski@gmail.com, shall be removed from the language in the subpoena it served on June 11, 2025 per the Court's orders, and shall advise Google, LLC a second subpoena regarding the tomjaski@gmail.com domain is forthcoming;

- **No later than July 8, 2025**, Plaintiff's counsel shall talk to his client and the parties shall confer and reach an agreement regarding how to specifically tailor the language regarding Plaintiff's personal Gmail account in accordance with the Court's orders; and

- **No later than July 9, 2025**, Defendant shall file its Notice of Intent to Issue Subpoena with the revised request for information from Plaintiff's Gmail account.

For the reasons set forth above, **IT IS THEREFORE ORDERED**, Plaintiff's Oral Motion to Quash or Modify Subpoena is **GRANTED in part and DENIED in part.**

IT IS SO ORDERED.

Dated June 30, 2025, at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge